```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

| | |
|---|---|
| JOSEPH EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06 CV 50 DDN |
| ) | |
| HUSSMANN CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

This matter is before the court on the motion of defendant Hussmann Corporation (Hussmann) for a bill of costs. (Doc. 44.) As the prevailing party, Hussmann maintains that Rule 54(d), Federal Rules of Civil Procedure, entitles it to an award of costs. It seeks to recover $1,372.49, the amount charged by the court reporter for transcripts of depositions taken in this action. Evans maintains that assessing costs would place an unreasonable hardship on him, and that each side should bear its own costs. (Doc. 45.)

## I.  BACKGROUND AND PROCEDURAL HISTORY

On January 12, 2006, Joseph Evans filed suit against his employer, Hussmann, under Title VII of the Civil Rights Act of 1964. In his complaint, he alleged he had been fired based on his race and his sex. Evans, an African-American male, had worked at Hussmann for twelve years when he was fired. Before his firing, Evans had also undergone on-the-job counseling. (Doc. 3.)

In a pretrial motion, Evans moved to proceed in forma pauperis. (Doc. 5.) He stated that he was not employed, had been receiving a monthly salary of $2,000, and was receiving $350 from rental property and $250 in unemployment compensation. Evans stated he provided for a dependent son and paid $733 per month on his mortgage. (Doc. 2.) The

court granted Evans's motion to proceed in forma pauperis and appointed 4:06cv12counsel to represent him. (Docs. 5, 11.)[1]

Hussmann denied the allegations of discrimination and ultimately moved for summary judgment. On April 19, 2007, the court granted Hussmann's motion for summary judgment. On May 1, 2007, Hussmann filed its bill of costs. (Doc. 44.)

## II.  DISCUSSION

Under Rule 54(d), "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Fees for the transcripts obtained from the court reporter are specifically covered under Rule 54(d). 28 U.S.C. § 1920(2).

Under the rule, there is a presumption that the prevailing party be awarded costs. Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1072 (8th Cir. 2000). Yet despite this presumption, the district court retains substantial discretion in awarding costs to the prevailing party. Greaser v. State of Mo., Dep't of Corrs., 145 F.3d 979, 985 (8th Cir. 1998). That said, a court must still articulate a good reason for denying or reducing a prevailing party's request for costs. Baez v. U.S. Dep't of Justice, 684 F.2d 999, 1004 (D.C. Cir. 1982) (en banc).

The most common ground for opposing a defendant's bill of costs is the plaintiff's indigence. Wheeler v. Carlton, 2007 WL 1020481, at *2 (E.D. Ark. Apr. 2, 2007). Within the Eighth Circuit, courts may consider a plaintiff's "limited financial resources" when ruling on a motion for costs. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).

Indigence does not excuse, if the plaintiff filed a frivolous claim. See Christoforou v. Ryder Truck Rental, Inc., 668 F.Supp. 294, 304 (S.D.N.Y. 1987); Schaulis v. CTB/McGraw-Hill,Inc., 496 F.Supp. 666,

---

[1] An award of costs against the plaintiff would be ordered paid by plaintiff personally, and not by plaintiff's counsel. 10 Wright, Miller, and Kane, Federal Practice and Procedure, § 2670 at 263 (West Group 1998).

- 2 -

679-81 (D.C. Cal. 1980). An employment discrimination case may be worthy of summary judgment and still present non-frivolous claims. Schaulis, 496 F.Supp. at 680-81. Despite granting the defendant summary judgment, the district court cautioned that any award of costs "could chill individual litigants of modest means seeking to vindicate" their civil rights. Id. at 680.

Hussmann's motion for a bill of costs will be sustained in part and otherwise denied. In granting the motion for summary judgment, the court concluded that Evans did not sustain his burden of demonstrating a prima facie case of employment discrimination and, even if he had, the record was unequivocal that defendant's reason for terminating him was not a pretext for discrimination. (Doc. 42 at 9.) Contraposed is the record that, when he commenced this suit, plaintiff had limited financial means. When he brought suit, Evans was unemployed, received modest income from rental property, received unemployment compensation, owned property valued at $71,000, owed mortgage payments of $733 per month, and supported a dependent son. (Doc. 2.)

In spite of the paucity of Evans's case against Hussmann, the court cannot conclude it was wholly frivolous. Evans had worked at Hussmann for twelve years, had participated in on-the-job counseling, and could have believed, given his experience and his status as a member of a protected class, that he had been fired from his job for an unlawful reason.

Mindful not to discourage litigants of modest means from vindicating their civil rights, the court will award defendant $500.00 against plaintiff personally as a portion of the claimed and justified costs, to balance the substantial weakness of plaintiff's case against plaintiff's financial status.

An appropriate order is issued herewith.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 8, 2007